124 F.3d 205
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Milton B. RUSSELL, Plaintiff-Appellant,
v.
DELCO-REMY DIVISION OF GENERAL MOTORS CORP., Defendant-Appellee.
 No. 96-3647.
 United States Court of Appeals, Seventh Circuit.
 Submitted August 13, 1997.*
Aug. 13, 1997.
 
 1
 Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division.
 
 
 2
 Before Hon. John L. Coffey, Circuit Judge Hon. Joel M. Flaum, Circuit Judge Hon. Michael S. Kanne, Circuit Judge
 
 
 3
 Milton Russell sued his former employer, the Delco-Remy Division of General Motors ("General Motors"), alleging racially discriminatory termination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. The district court granted summary judgment to General Motors. Russell appeals, and we affirm.[1]
 
 
 4
 We summarize the relevant portion of the facts, read in the light most favorable to Russell. The Delco-Remy Division hired Russell, who is African-American, in 1973. When he was discharged in 1990, he held the position of "senior product buyer" and was responsible for negotiating the purchase of certain materials to manufacture alternators for General Motors vehicles. The Saegertown Manufacturing Company was one of the suppliers of parts.
 
 
 5
 On August 2, 1990, Russell allegedly approached his contact at Saegertown, Chalmer Jordan, and requested a "kickback" of $20,000, plus $2,000 to $3,000 per month thereafter, in exchange for General Motors agreeing to purchase products from Saegertown. The offer was reported to Daniel Elliott, the Director of Investigations at General Motors, who turned to the FBI. The FBI arranged for covert electronic surveillance of a meeting between Russell and Jordan at Saegertown. while Elliott and the FBI listened in, Jordan allegedly delivered $20,000 to Russell. Russell was immediately arrested and charged with extortion. Elliott, who was present at the arrest, informed him on the spot that he was suspended. Russell was terminated on October 4, 1990, for "conduct not in General Motors's best interest," specifically for violating its policy prohibiting employees from receiving gifts or payments from suppliers. Russell was later indicted for extortion, tried, and acquitted.
 
 
 6
 Russell claims that he was merely following the instructions of his superiors in negotiating with Saegertown, although he does not go so far as to claim that he was directed to take money from the company. He also argues that he did not have the authority to close a deal worth millions of dollars with Saegertown on his own, and that General Motors therefore discriminated on the basis of race by not also investigating or disciplining the several white managers who directed his actions and whose approval of the deal would have been required.
 
 
 7
 Title VII establishes that it is unlawful for an employer to discriminate on the basis of race in hiring, firing, or setting the terms and conditions of employment. 42 U.S.C. § 2000e-2(a). To prevail, Russell must show "that the basis for [his] termination was the impermissible consideration of race, i.e. that a person of another race would not have been discharged under similar circumstances." Rush v. McDonald's Corp, 966 F.2d 1104, 1112 (7th Cir.1992). The basic question in reviewing the grant of summary judgment is whether there was a triable issue of fact that race played a role in the decision to discharge him. Russell advances no direct evidence of discrimination, and his effort to establish an indirect case fails because he is unable to demonstrate that General Motors's stated reason for firing him--his acceptance of a bribe from Jordan--is pretextual, "[which] means a lie, specifically a phony reason for some action." Russell v. Acme-Evans Co., 51 F.3d 64, 68 (7th Cir.1995).
 
 
 8
 The record does not indicate whether Russell actually accepted the money from Jordan; Russell denies it. Also, the prosecution for extortion resulted in his acquittal. The relevant point here, however, is that General Motors says it terminated him because it suspected he had violated its policy against employees receiving gifts or payments from suppliers. It does not actually matter for present purposes whether Russell did anything wrong; what matters is whether General Motors is lying to cover up racial discrimination. Russell has failed to provide any reason to believe that General Motors's stated reason is pretextual, or that its real reason was race. As for his claim that his employer directed him to engage in improper or illegal negotiating practices to obtain the "lowest possible price," he does not say that he was told to demand payments from suppliers and does not explain how such payments could be consistent with obtaining the lowest price. In any event, he was' not terminated (or indicted) for attempting to secure benefits for his employer; instead, General Motors terminated him for pursuing his own interests. Russell simply fails to address these points in his brief or in his demands for discovery. For lack of a genuine issue of material fact, the district court correctly granted summary judgment to General Motors.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 This case has been previously appealed to this court on a procedural matter. See Russell v. Delco Remy Div. of General Motors Corp, 51 F.3d 746 (7th Cir.1995). We vacated and remanded for further consideration, the results of which led to the present appeal